IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRY WOODS #2219346 | § | |
| v. | § | CIVIL ACTION NO. 6:22cv209 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Terry Woods, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has been permitted to proceed *in forma pauperis*. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Respondent has filed a response to the petition, which asserts that the petition should be dismissed as untimely, along with the relevant state court records. (Dkt. #11, 12.)

**I.     Relevant Background**

Petitioner omits most of the relevant dates from his petition. (Dkt. #1 at 2–4.) But according to the state records filed by Respondent, Petitioner was convicted by a Cherokee County jury and given an effective sentence of life in prison for murder and unlawful possession of a firearm by a felon on July 30, 2018. (Dkt. #12-34 at 43–48.) The Twelfth Court of Appeals affirmed the judgments on September 4, 2019. (Dkt. #12-41.)

Petitioner filed a motion for leave to file an untimely petition for discretionary review in the Texas Court of Criminal Appeals (TCCA), which was dated March 4, 2020, and received by the TCCA

1

on March 12, 2020. (Dkt. #12-44.) In the motion, Petitioner asserted that he was not informed of the Twelfth Court of Appeals' ruling in his case until he received a letter dated February 21, 2020. (*Id.* at 2.) The TCCA filed (Dkt. #12-44) and denied the motion on the same date, March 19, 2020.[1]

Petitioner next filed a state habeas petition dated November 3, 2020. (Dkt. #12-47 at 3–22.) The TCCA denied the petition without written order on November 25, 2020. (Dkt. #12-46.) Petitioner submitted the instant federal habeas petition to prison authorities for mailing on May 18, 2021. (Dkt. #1 at 10.)

## II.    Law and Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state criminal convictions. 28 U.S.C. § 2244(d).  Under this provision, the limitations period runs from the latest of four enumerated events:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege any newly-announced constitutional right or newly-discovered

---

[1] Respondent does not cite to the record before this Court to establish this denial, and the Court is unable to locate this ruling in the voluminous and un-indexed record. Respondent simply provides a case style and matter number for a ruling that is apparently not in the records he submitted nor available in any electronic database available to this Court. (*See* Dkt. #11 at 3.) This is not proper practice for a party who is trying to establish a material fact. Nevertheless, Petitioner acknowledged in his state habeas petition that discretionary review had been denied on March 19, 2020 (Dkt. #12-47 at 5), and the Twelfth Court of Appeals' online docket sheet for Petitioner's case confirms that a "motion for leave" was denied on March 19, 2020. *See* Twelfth Court of Appeals case events for case 12-18-00219-CR, available at https://search.txcourts.gov/Case.aspx?cn=12-18-00219-CR&coa=coa12 (last visited Sept. 12, 2022). Accordingly, the Court accepts as true that Petitioner's motion for leave to file an untimely appeal was denied on March 19, 2020.

factual predicates as required to trigger subsections (C) or (D) of the statute of limitations. Nor does he allege a total lack of access to AEDPA or other action on the part of the state that actually prevented him from filing a timely federal habeas petition, as required to proceed under subsection (B). *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) ("The State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations, is just as much of an impediment as if the State were to take "affirmative steps" to prevent the petitioner from filing the application.").

Accordingly, Petitioner's limitations period began to run under subsection (A) when his convictions became final upon conclusion of direct review. As a matter of Texas law, Petitioner had 30 days—or until October 4, 2019—to seek discretionary review by the TCCA after the Twelfth Court of Appeals affirmed his convictions. Tex. R. App. P. 68.2(a). Respondent does not discuss the impact of Petitioner's subsequent motion to file a late petition for discretionary review by the TCCA on when his convictions became final for the purpose of the AEDPA limitations period. The Supreme Court has held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal . . . before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" and does not become final until "the out-of-time appeal granted by the Texas Court of Criminal Appeals became final." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 121 (2009). But when a state court denies leave to file an untimely appeal, the finality of a prisoner's conviction is unaffected. *Carvajal v. Davis*, No. 3:19-CV-2220-G-BN, 2020 WL 1879251, at *3 (N.D. Tex. Feb. 26, 2020), *report and recommendation adopted*, No. 3:19-CV-2220-G, 2020 WL 1876204 (N.D. Tex. Apr. 14, 2020) (holding that petitioner's conviction was final and AEDPA limitations period began to run thirty days after conviction was affirmed where "Carvajal failed to file a timely

PDR and because the CCA did not grant him leave to file an out-of-time PDR" (internal citation omitted)). "A contrary rule would permit any petitioner who missed the [discretionary review] deadline to file a [late petition for discretionary review] years later and argue that his one-year limitations period did not begin until that late petition was denied." *Catchings v. Fisher*, 815 F.3d 207, 210 (5th Cir. 2016) (holding that a late petition for certiorari to the United States Supreme Court, denied without explanation, did not revive the already-final direct review of the petitioner's conviction).

Accordingly, Petitioner's convictions and sentences were final at the end of October 4, 2019, and he had until the end of October 4, 2020, to file a timely federal habeas petition. Petitioner's federal filing on May 18, 2021, can thus only be deemed timely if he benefits from some type of tolling of the limitations period. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But Petitioner did not file such a petition until November 3, 2020, almost a full month after his federal limitations period had expired. A collateral review petition filed in state court after the AEDPA limitations period expired could not toll or restart that limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

In his response to Respondent's assertion that his petition is untimely, Petitioner appears to argue that he is entitled to statutory tolling for the pendency of claims in state court that were "procedurally barred as long as the manner of filing complied with applicable state rules." (Dkt. #14 at 3 (citing *Artuz v. Bennett*, 531 U.S. 4 (2000).) He says:

> The State court did not give a written order of denial, therefore, Petitioner's state court application was still pending under § 2244(d)(2); it was properly filed because it complied with the rules governing whether an application for state postconviction relief is "recognized as such" under state law.

4

(Dkt. #14 at 3.) He further asserts that in Texas jurisdictional matters cannot be waived and "may be raised at any time." (*Id.* at 4.)

Petitioner's reliance on *Artuz v. Bennett* is misplaced in this case. The question at issue in *Artuz* was whether the habeas petitioner's state post-conviction petition was "properly filed" for the purposes of AEDPA tolling when its claims were subject to independent procedural bar. The Court held that it was, explaining that "an application is properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*, 531 U.S. at 8. But here, Petitioner's state habeas petition did not toll his AEDPA limitations period for reasons having nothing to do with the validity of its claims. It simply could not toll a limitations period that had already expired, regardless of the nature of the claims it raised or the manner in which it was denied.

AEDPA's one-year limitations period may also be subject to equitable tolling in extraordinary cases. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case, and a petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). Equity does not benefit those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006). Petitioner has not asserted a right

5

to equitable tolling in this case, and no basis for such tolling is apparent in the record.

Accordingly, Petitioner's Section 2254 petition is untimely and must be dismissed on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court's procedural ruling in this case is correct. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that this action be dismissed with prejudice as barred by the

applicable statute of limitations and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 14th day of September, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE