UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00209

**Terry Woods,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

This habeas corpus action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 2. On September 14, 2022, the magistrate judge issued a report recommending that the petitioner's case be dismissed as untimely. Doc. 16. Petitioner filed written objections. Doc. 17.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner asserts that his petition should be found timely for two reasons: (1) because his criminal judgment was not final for purposes of beginning his one-year limitations period until expiration of his window to seek certiorari review from the United States Supreme Court on direct appeal; and (2) because the prison lockdown triggered by the COVID-19 pandemic entitles him to equitable tolling. Doc. 17 at 1.

Absent circumstances not raised by this case, the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The magistrate judge determined that date to be October 4, 2019, the date on which the petitioner's 30-day window to seek discretionary review in the Texas Court of Criminal Appeals expired. Doc. 16 at 3 (citing Tex. R. App. P. 68.2(a)). The petitioner's October 2019 effort to appeal to the Texas Court of Criminal Appeals, which was

rejected as untimely, did not affect the finality of his judgment. *Id.* at 3–4. Thus, the magistrate judge found that the petitioner's AEDPA limitations period expired in October 2020, and the state habeas petition he filed in November 2020 could not toll or re-start the already-expired federal habeas period. *Id.* at 4 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired")). Accordingly, the magistrate judge concluded that petitioner's habeas petition filed in May 2021 was untimely. *Id.* at 4–6.

Petitioner's assertion that his judgment was not final until expiration of his time to seek certiorari from the United States Supreme Court is incorrect as a matter of law. Writs of certiorari from the Supreme Court are available to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). The plain import of that provision is that the time to file a petition for writ of certiorari in the Supreme Court does not begin until the petitioner has presented his claim to the "state court of last resort," and the state court judgment is "subject to no further review or correction in any other state tribunal." *Wallace v. Mississippi*, 43 F.4th 482, 498 (5th Cir. 2022). Thus, once state law precludes any further avenue for state appeal, a petitioner's judgment is final upon expiration of his time to file a petition for writ of certiorari. *Id.* (holding that petitioner received benefit of 90-day window to seek certiorari when state conceded that "under Mississippi Code Annotated § 99-35-101, [petitioner's] judgment was final because he could not appeal his guilty plea and sentence to a higher Mississippi court"). But in this case, the Twelfth Court of Appeals' decision on direct appeal was subject to discretionary review by the Texas Court of Appeals. Tex. R. App. P. 68.2(a). Petitioner's failure to seek such review in compliance with state law deprived him of the opportunity to seek any review in the Supreme Court. The period of time to file a timely certiorari petition is thus inapplicable to this case.

Petitioner's reliance on prison conditions arising from the COVID-19 pandemic is also unavailing. As the magistrate judge observed, "AEDPA's one-year limitations period may be subject to equitable tolling in extraordinary cases." Doc. 16 at 5 (citing *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998)). But a petitioner seeking to benefit from equitable tolling must demonstrate both an "extraordinary circumstance" that prevented him from filing and that he was diligently pursuing his rights during the relevant period. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Petitioner asserts that, at the time his petition was due, he had limited access to both the prison's law library and a fellow prisoner who helped him with his legal documents. Doc. 17 at 1. But he does not claim that he was completely without access to legal resources or forms or identify what steps he took to pursue his rights, such as requesting legal materials or other assistance or attempting to submit a protective filing in the district court to prevent his time from expiring. He thus fails to establish the diligence required to obtain equitable tolling.

Moreover, courts have repeatedly found that prison lockdowns, including COVID-related lockdowns, that occur during the one-year limitations period are not exceptional circumstances that would justify equitable tolling. *See Collins v. United States*, No. A-18-CR-091(5)-RP, 2022 WL 3593056, at *6 (W.D. Tex. Aug. 22, 2022) ("the Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling."); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented the movant from filing a Section 2255 motion); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling). "An institutional

lockdown alone is generally not a rare and exceptional circumstance which warrants equitable tolling." *Collins*, 2022 WL 3593056, at *6 (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)). Petitioner thus fails to establish that he is entitled to any equitable tolling.

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules petitioner's objections and accepts the report's findings and recommendation. Petitioner's case is dismissed with prejudice as untimely.

*So ordered by the court on November 9, 2022.*

J. CAMPBELL BARKER
United States District Judge